[S. F. No. 3051. Department Two.—October 29, 1904.]

GERMAN SAVINGS AND LOAN SOCIETY, Respondent, v. ADELINE F. COLLINS et al., Appellants.

Action of Quia Timet—Orders Repudiated as Forgeries—Finding as to Genuineness—Review upon Appeal.—In an action of *quia timet* to determine the liability of the defendants upon orders drawn upon the plaintiff corporation and paid by it, which purported to be signed by the superintendent of the defendants, and which the defendants repudiated as forgeries, where the court found that the checks were genuine, and were authorized by the defendants, such finding is conclusive where no motion for a new trial was made and the appeal was taken more than sixty days after the entry of the judgment.

Id.—Unfairness in Taking Deposition—Error without Injury.— Alleged unfairness to appellants in the taking of the deposition of their defaulting bookkeeper, who obtained the money upon the order in question, consisting of his refusal, upon the advice of counsel, to answer certain questions upon cross-examination, and alleged error in admitting the deposition, cannot be injurious error, where the testimony of the witness related only to his disposition of the moneys received by him, and not to the genuineness of the orders, and it is manifest that if the deposition had been excluded, and

any finding thereon eliminated, the judgment must be the same upon the conclusive finding as to the genuineness and authorization of the orders.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

James A. Stephens, John H. Durst, and Curtis Hillyer, for Appellants.

W. S. Goodfellow, and Goodfellow & Eells, for Respondent.

GRAY, C.—The defendants are copartners doing a draying business in San Francisco.  H. F. Grinnell has been at all the times herein mentioned the general manager and superintendent of said defendants.  William P. Bullard had been their bookkeeper, became a defaulter, and was discharged by them in December, 1896, and after the deposition hereinafter mentioned was taken committed suicide.  During the year 1896 defendants had an account with plaintiff standing in the name of H. F. Grinnell, superintendent; and in that year Bullard presented to the plaintiff three orders for fifteen hundred dollars, five hundred dollars, and five hundred dollars respectively, all purporting to be signed by "H. F. Grinnell, Supt."  Upon these several orders plaintiff paid to Bullard amounts aggregating twenty-five hundred dollars.  The defendants subsequently notified the plaintiff that the said orders were forgeries, and repudiated the same.  This action is brought under the provisions of section 1050 of the Code of Civil Procedure by plaintiff, and is in the nature of an action of *quia timet* to determine the claim and liabilities of the parties as to the twenty-five hundred dollars drawn out by the bookkeeper.  The court found, among other things: "That each of the said checks or written orders was valid and executed, made and signed by H. F. Grinnell, superintendent, and by and with the authority of defendants."

The court further finds that fifteen hundred dollars paid by plaintiffs on one of said checks was on the same day deposited to the credit of defendants with the Crocker-Woolworth Bank, and was received by defendants and retained to their own use.  The court also finds that the amounts

as paid were entered in defendants' pass-book and thereafter said pass-book was returned to defendants and retained by them, so as to constitute an account stated between the parties, etc.

Upon these findings judgment was entered in favor of plaintiff, and the defendants appeal from said judgment. No motion for a new trial was made, and the appeal is taken more than sixty days after the entry of judgment.

The appellants urge as their sole ground for reversal that the court erred in admitting in evidence the deposition of Bullard, for the reason that the taking of said deposition was not in all respects fair. The unfairness complained of consisted in the refusal of the witness, on advice of counsel, to answer certain questions on cross-examination. It is needless, however, to enter upon any inquiry as to this matter of unfairness. The testimony of the witness in the deposition related only to the disposition of the moneys obtained by him upon the three orders in question. It contained no evidence whatever upon the subject of the genuineness of the orders or checks. If the deposition, together with the findings in regard to what disposition Bullard made of the money that he obtained on the orders, was eliminated from the case altogether, the judgment would still find ample support in the finding that the checks were genuine. This finding is not, and cannot be, questioned on the record before us. It is plainly apparent, therefore, that the appellants were not injured by the alleged error.

We advise that the judgment be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    McFarland, J., Lorigan, J., Henshaw, J.